

## IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00107-CR

**JUAN MARTINEZ, III,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-1034-C1**

## MEMORANDUM  OPINION

Appellant, Juan Martinez III, appeals from his convictions for robbery and harassment of a public servant. *See* TEX. PENAL CODE ANN. §§ 15.01, 22.11, 29.02 (West 2011). Because appellant had previously been convicted of felony indecency with a child by exposure, the convictions in this case were enhanced to first-degree and second-degree felonies, respectively. *See id.* § 12.42(a)-(b) (West Supp. 2013); *see also id.* § 22.11(b), 29.02(b). At the conclusion of the evidence, appellant received a sentence of life imprisonment in the Institutional Division of the Texas Department of Criminal

Justice for the robbery conviction and a twenty-year sentence for the harassment-of-a-public-servant conviction. The trial court ordered that the imposed sentences run concurrently and subsequently certified appellant's right of appeal. This appeal followed.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and

to file a pro se response.[1]  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.[2]  Appellant has filed a pro se response to counsel's motion to withdraw and corresponding *Anders* brief.[3]

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record, counsel's brief, and appellant's pro se response and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] Appellant's appointed attorney complied with all the requirement in *Anders* cases, as announced prior to *Kelly v. State*.  *See generally* No. PD-0702-13, ___ S.W.3d ___, 2014 Tex. Crim. App. LEXIS 911 (Tex. Crim. App. June 25, 2014).  He did not have the benefit of *Kelly* at the time the motion to withdraw and the *Anders* brief were filed.  He did, however, notify the defendant of his right to obtain and review the record and to file a response to the motion to withdraw and *Anders* brief.  Appellant filed a lengthy, comprehensive response, wherein he cited to the record.  Based on the notice provided by counsel and the response filed by appellant, we find it unnecessary to require appointed counsel or this Court to take any additional steps or procedures, as discussed in *Kelly*.  We note that appellant makes no complaint, request, or suggestion that causes this Court to question whether the record was made available to him for his review, if he desired to have it.

[3] Appellant's pro se response contains a number of procedural deficiencies, including a faulty certificate of service.  Specifically, in his certificate of service, appellant indicates that he has served his pro se response on this Court, rather than the opposing party, the McLennan County District Attorney.  *See* Tex. R. App. P. 9.5(a) (requiring service "on all parties to the proceeding").  Because of our disposition and to expedite this appeal, we will implement Rule 2 and suspend the requirements of Rule 9.5.  *See id.* at R. 2.

Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgments of the trial court are affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
Do not publish
[CR25]

